Pan v. Lynch

BIA
A087 462 992

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of September, two thousand sixteen.

PRESENT:
　　　　RICHARD C. WESLEY,
　　　　PETER W. HALL,
　　　　DEBRA ANN LIVINGSTON,
　　　　　　*Circuit Judges.*
_____

XIAO SHI PAN,
　　　　*Petitioner,*

　　　　v.                                    15-1225
                                             NAC
LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
　　　　*Respondent.*
_____

FOR PETITIONER:　　　　Gary J. Yerman, New York, N.Y.

FOR RESPONDENT:　　　　Benjamin C. Mizer, Principal Deputy
                       Assistant Attorney General; Cindy
                       Ferrier,    Assistant    Director;
                       Kimberly A. Burdge, Trial Attorney;
                       Office of Immigration Litigation,
                       United States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xiao Shi Pan, a native and citizen of the People's Republic of China, seeks review of a March 19, 2015, decision of the BIA denying his untimely motion to reopen. *In re Xiao Shi Pan,* No. A087 462 992 (B.I.A. Mar. 19, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen "for abuse of discretion." *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). When the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

It is undisputed that Pan's 2015 motion to reopen was untimely because his order of removal became final in 2011. 8 U.S.C. § 1229a(c)(7)(C)(i) (setting 90-day period for filing motion to reopen); 8 C.F.R. § 1003.2(c)(2) (same); *see* 8 U.S.C. § 1101(a)(47)(B)(i). Although this time limitation may be excused if the motion "is based on changed country conditions

2

arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding," 8 U.S.C. § 1229a(c)(7)(C)(ii), the BIA reasonably concluded that Pan failed to establish materially changed conditions for house-church Christians in China.

"In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the BIA] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below." *In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007). The evidence here reasonably demonstrates that the Chinese government has continued to target unregistered Christian groups since the time of Pan's March 2010 merits hearing; it does not indicate that conditions have worsened for individuals similarly situated to Pan. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (holding that the weight accorded to evidence lies largely within the discretion of the agency). According to the 2007 State Department Profile of Asylum Claims and Country Conditions, which reflects conditions

3

at the time of Pan's 2010 hearing, Chinese security officials used threats, detention, and imprisonment to target unregistered religious leaders and their followers. The evidence submitted in support of Pan's motion, including the 2012 and 2013 Annual Reports of the Congressional-Executive Commission on China and the U.S. State Department's 2013 Annual Report of International Religious Freedom, reflect that these practices have continued.

Although Pan cites to these very reports in his brief, he insists that the BIA wholly mischaracterized the evidence by concluding that it demonstrated continued, rather than worsened, conditions. To support this assertion, Pan points to the U.S. State Department's 2011 International Religious Freedom Report, which describes a "marked deterioration during 2011 in the [Chinese] government's respect for and protection of religious freedom." That "marked deterioration," however, concerned Buddhists in the Tibetan Autonomous Region; the following page of that same report states that "[c]rackdowns on Christian house churches *continued*."

Last, Pan's assertions that the BIA completely ignored relevant sections of the country reports, wholly discounted the ChinaAid reports, and did not properly weigh his evidence, are

4

misplaced. We presume that the agency "has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise," and the weight accorded to country conditions evidence "lies largely within the discretion" of the agency. *Xiao Ji Chen*, 471 F.3d at 337 n.17, 342 (alteration and internal quotation marks omitted). Here, the BIA explicitly discussed the country conditions evidence in its decision, and, thus, the record does not compellingly suggest that it was ignored. If, as here, "the BIA 'has given reasoned consideration . . . and made adequate findings,'" it need not "'expressly parse or refute on the record' each . . . piece of evidence offered by the petitioner." *Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir. 2006) (quoting *Xiao Ji Chen*, 434 F.3d at 160 n.13). The task of resolving conflicts in the record evidence, moreover, lies "largely within the discretion of the agency." *Jian Hui Shao*, 546 F.3d at 171. The BIA was also entitled to find Pan's evidence, including the ChinaAid reports, immaterial in light of the underlying adverse credibility determination. *Kaur v. BIA*, 413 F.3d 232, 234 (2d Cir. 2005) (finding no abuse of discretion in BIA's ruling that evidence was immaterial and thus insufficient to warrant

5

reopening when it failed to rebut the underlying adverse credibility determination).

Given the evidence of continued conditions, the BIA reasonably concluded that Pan did not establish a material change in the conditions for Christians in China.  Accordingly, the BIA did not abuse its discretion in denying Pan's motion to reopen as untimely.  *See* 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.2(c)(2).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk